**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

JOHN HURLEY,

    Petitioner,

v.                                        CASE NO.:

ANDREW SAUL,
COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION

    Respondent,
_____/

**PETITION FOR WRIT OF MANDAMUS**

Comes now the Petitioner, John Hurley, a resident of Bonita Springs, Lee County, Florida, and petitions this court for extraordinary relief in the nature Writ of Mandamus directed to the Respondent, Andrew Saul, Commissioner of the Social Security Administration, and his employees and agents, and says:

This action seeks to compel the Respondent to pay the Petitioner's attorney fees withheld, or should have been withheld from a claimant's past-due social Security Disability Benefits and/or enter an order on Petitioner's petition for attorney fees. In support of this petition, Petitioner alleges as follows:

**COUNT I- LYNNE MCGRAIL**

1. A claimant for Social Security Disability Benefits, Lynn McGrail, retained John Hurley to represent her in a claim for Social Security Disability Insurance benefits.

2. Lynne McGrail signed a fee agreement, agreeing to pay Petitioner 25% of her past-due Disability Insurance Benefits, if her case was approved.

3. Lynne McGrail received a favorable decision from an Administrative Law Judge finding her disabled. Subsequently the Petitioner submitted a petition to charge and collect a fee. On October 8, 2019, the Respondent authorized a fee to be paid to the Petitioner in the amount of $15,000. Attached is a copy of said authorization.

4. The Respondent has not paid the authorized fee to the Petitioner.

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response

6. Respondent, Andrew Saul, is the Commissioner of the Social Security Administration, named solely in his official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## **COUNT II- COMPTON GRIFFITH**

1. A claimant for Social Security Disability Benefits, Compton Griffith, retained John Hurley to represent him in a claim for Social Security Disability Insurance benefits.

2. Compton Griffith signed a fee agreement, agreeing to pay Petitioner 25% of his past-due Disability Insurance Benefits, if his case was approved.

3. Compton Griffith received a favorable decision from an Administrative Law Judge on August 11, 2017, finding him disabled. Subsequently the Petitioner submitted a petition to charge and collect a fee.

4. The Respondent has not made a decision on Petitioner's fee petition after more than 3 years.

5. The Petitioner has made numerous calls to the Hearing Office of the Respondent, but has not received a decision on his fee petition. The last correspondence from the Hearing Office was December 10, 2020, advising that action would be taken in the "near future". Attached is a copy of said correspondence.

6. Respondent, Andrew Saul, is the Commissioner of the Social Security Administration, named solely in his official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to make a decision on Petitioner's fee petition.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to make a decision on Petitioner's fee petition is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## **COUNT III- CHRISTA SELBY**

1. A claimant for Social Security Disability Benefits, Christa Selby, retained John Hurley to represent her in a claim for Social Security Disability Insurance benefits.

2. Christa Selby signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if her case was approved.

3. Christa Selby received a favorable decision from an Administrative Law Judge finding her disabled. Subsequently, the Petitioner submitted a petition to charge and collect a fee. On November 16, 2017, the Respondent authorized a fee to be paid to the Petitioner in the amount of $12,975.00. Attached is a copy of said authorization.

4. The Respondent has paid $5,321.10 of the authorized fee to the Petitioner. The Respondent negligently released the balance which should have been withheld and paid to the Petitioner, $7,575.00, to the claimant.

5. The Petitioner has made an attempt to collect the balance of the fee owed from the claimant, to no avail. He notified the Respondent that he was unable to collect the balance of the fee from the claimant and requested that said balance be paid to him, and an overpayment be created on the claimant's account. This is the regular policy of the Respondent, where the Respondent mistakenly releases fees, which should have been withheld and paid to an attorney, to the claimant. To date, the Respondent has failed or refused to follow its policy and pay the Petitioner

6. Respondent, Andrew Saul, is the Commissioner of the Social Security Administration, named solely in his official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, which should have been withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed, and should have been withheld, is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## **COUNT IV- JAMES ANDREW SMITH**

1. A claimant for Social Security Disability Benefits, James Smith, retained John Hurley to represent him in a claim for Social Security Disability Insurance benefits.

2. James Andrew Smith signed a fee agreement, agreeing to pay Petitioner 25% of his past- due Disability Insurance Benefits, if his case was approved.

3. James Andrew Smith received a favorable decision from an Administrative Law Judge finding him disabled. Subsequently the Petitioner submitted a petition to charge and collect a fee. On January 5, 2017, the Respondent authorized a fee to be paid to the Petitioner in the amount of $9,000.00. Attached is a copy of said authorization.

4. The Respondent has paid $6,000 of the authorized fee to the Petitioner. The Respondent negligently released the balance which should have been withheld and paid to the Petitioner, $3,000, to the claimant.

5. The Petitioner has made an attempt to collect the balance of the fee owed from the claimant, to no avail. He notified the Respondent that he was unable to collect the balance of the fee from the claimant and requested that said balance be paid to him, and an overpayment be created on the claimant's account. This is the regular policy of the Respondent, where the Respondent mistakenly releases fees, which should have been withheld and paid to an attorney, to the claimant. To date, the Respondent has failed or refused to follow its policy and pay the Petitioner

6. Respondent, Andrew Saul, is the Commissioner of the Social Security Administration, named solely in his official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, which should have been withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed, and should have been withheld, is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## **COUNT V- LOUIS HEUER**

1. A claimant for Social Security Disability Benefits, Louis Heuer, retained John Hurley to represent him in a claim for Social Security Disability Insurance benefits.

2. Louis Heuer signed a fee agreement, agreeing to pay Petitioner 25% of his past- due Disability Insurance Benefits, if his case was approved.

3. Louis Heuer received a favorable decision from an Administrative Law Judge finding him disabled. Subsequently the Petitioner submitted a petition to charge and collect a fee. On August 4, 2014, the Respondent authorized a fee to be paid to the Petitioner in the amount of $15,000.00.00. Attached is a copy of said authorization.

4. The Respondent has paid $6,000.00 of the authorized fee to the Petitioner. The Respondent negligently released the balance which should have been withheld and paid to the Petitioner, $9,000.00, to the claimant.

5. The Petitioner has made an attempt to collect the balance of the fee owed from the claimant, to no avail. He notified the Respondent that he was unable to collect the balance of the fee from the claimant and requested that said balance be paid to him, and an overpayment be created on the claimant's account. This is the regular policy of the Respondent, where the

Respondent mistakenly releases fees, which should have been withheld and paid to an attorney, to the claimant. To date, the Respondent has failed or refused to follow its policy and pay the Petitioner

6. Respondent, Andrew Saul, is the Commissioner of the Social Security Administration, named solely in his official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, which should have been withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed, and should have been withheld, is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

    s/Michael A. Steinberg
Michael A. Steinberg
4925 Independence Parkway, Suite 195
Tampa, Florida 33634
(813)221-1300
Florida Bar No.: 0340065
mas@ssalawyers.com